UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAVID DEWAYNE CHURCH, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:22-CV-121-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| S. BUTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate David Church has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Church's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

In April 2013, Church was indicted in Nashville, Tennessee for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924; possession with intent to distribute dilaudid in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *United States v.*

*Church*, 823 F.3d 351 (6th Cir. 2016); *United States v. Church*, No. 3:13-CR-67-1 (M.D. Tenn. 2013) [R. 1].

Church filed a pretrial motion to suppress evidence obtained during a search of his home. *Id*. at [R. 36]. During a hearing on the motion, Church testified that he did not want to go into his home or let the arresting officers inside of it because he knew that he had a gun and drugs in the safe. He also acknowledged that he was a "multi-convicted felon." The trial court denied the motion to suppress on the record. *Id*. at [R. 54, pp. 80-85, 111-17].

Church reached a Rule 11(c)(1)(C) agreement with the United States to plead guilty to the first two charges in exchange for dismissal of the third. By so doing, Church avoided a possible sentence of 360 months to life imprisonment under the Sentencing Guidelines. As part of that written agreement, Church expressly admitted that he was guilty of the felon-in-possession and drug trafficking crimes. He further admitted that during a search of his home, police found approximately 800 dilaudid pills, a loaded gun, and $7,000 in a safe. Church gave a Mirandized statement to police that he sold the drugs to make money and possessed the gun for protection. Church also admitted that he had at least three felony prior convictions in Tennessee with sentences of a year or more, including one conviction for evading arrest, another for selling cocaine, and yet another for delivering dilaudid. The plea agreement contained an express stipulation that "the defendant, as a Career Offender, is in Criminal History Category VI." Finally, Church reserved the right to appeal the suppression issue but expressly waived his right to appeal his guilt of the crimes or the agreed-upon 170-month sentence, or "to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241." *See id.* at [R. 59].

During the sentencing hearing in April 2015, the trial court noted that, independent of Church's career offender status, six prior convictions contributed to 14 criminal history points. Notably, in 2005, Church was convicted in Tennessee for being a felon in possession of a weapon. As required by the plea agreement, the trial court sentenced Church to a 120-month term of imprisonment on the felon-in-possession count and to a 170-month term of imprisonment on the drug trafficking count, the two terms to be served concurrently with one another. *See id*. at [R. 64; R. 76]. Church appealed, but the Sixth Circuit rejected his challenge to the validity of the warrant which authorized the search of his home. *See id.* at [R. 70]; *United States v. Church*, 823 F.3d 351 (6th Cir. 2016).

Church filed a motion to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255 in June 2017. *See Church v. United States*, No. 3:17-CV-972 (M.D. Tenn. 2017) [R. 1]. Church claimed ineffective assistance of counsel, asserting, among other things, that counsel should have challenged his status as a career offender. *Id.* In April 2020, the trial court rejected Church's claims and denied relief. *Id.* at [R. 27]. Among other things, the court noted that none of the cases cited by Church undermined his status as a career offender. *See id.* The court further noted that Church's 170-month sentence was not subject to challenge based upon an asserted miscalculation under the Guidelines because the sentence was dictated by the parties' Rule 11(c)(1)(C) plea agreement, not the Guidelines. *See id.* Church did not seek a certificate of appealability.

In his current petition, Church sets forth a generic argument that his § 922(g) conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the government did not prove that he knew that he possessed a firearm and that he knew that he was barred from doing so. [R. 1, p. 6; R. 1–1, pp. 10–22]. He further argues that under *Shular v. United States*, 140 S.

Ct. 779 (2020), his prior drug trafficking convictions do not qualify as predicate offenses to enhance his sentence as a career offender. [R. 1, p. 7; R. 1–1, pp. 22–26]. This second argument is functionally identical to the one he made in the § 2255 motion he filed in the Middle District of Tennessee in 2017. *See Church*, No. 3:17-CV-972 [R. 2, pp. 21-30 (making the same argument under *Mathis v. United States*, 136 S. Ct. 2243 (2016))]. Church also suggests that he is entitled to resentencing under the First Step Act and to relief under the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [R. 1-1, pp. 26-29].

Having thoroughly reviewed the petition, the Court concludes that it must be dismissed. Generally, a federal prisoner must challenge the legality of his conviction or sentence by filing a motion under Section 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A narrow exception to this rule, set forth in Section 2255(e), permits a petitioner to challenge his conviction in a Section 2241 petition, but only if he can demonstrate that he is "actually innocent" of committing the underlying criminal offense. He can make this showing where, after his conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

For purposes of discussion, the Court assumes without deciding that a claim under *Rehaif* could be asserted in a § 2241 petition. But that decision does not assist Church for several reasons. First, Church knowingly and voluntarily waived his right to collaterally attack his conviction or sentence. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *cert. denied*, 139 S. Ct. 1291 (2019). In his plea agreement, Church

bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence on direct appeal (on most grounds) or by collateral attack. Church is therefore barred from challenging either his convictions or sentences in this proceeding. *Moser v. Quintana*, No. CV 5:17-cv-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Second, contrary to Church's argument, *Rehaif* does not hold that the government was required to prove that Church knew he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1). As a preliminary matter, the government was not required to prove anything because Church admitted all of the facts essential to sustain his conviction when he agreed to plead guilty. *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *see also Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

At bottom, Church's claim is based upon a misunderstanding of *Rehaif*. As the Supreme Court explained,

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S. Ct. at 2194. Thus, the government's burden includes proof that the defendant was aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Id.* at 2195-96.

The federal courts of appeal are uniform in reading *Rehaif* in this fashion.  *Cf. United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (under *Rehaif*, "the Government would have to prove that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)); *United States v. Burghardt*, 939 F.3d 397, 401, 403 (1st Cir. 2019) ("The indictment did not assert that Burghardt knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year (the "scienter-of-status element") . . . [however,] [o]ur own review of the record nevertheless reveals no reason to think that the government would have had any difficulty at all in offering overwhelming proof that Burghardt knew that he had previously been convicted of offenses punishable by more than a year in prison.").

The Sixth Circuit has also squarely rejected Church's more expansive reading of *Rehaif*:

> [D]efendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person*. ... [I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use.  Such knowledge, however, is not, and cannot be, what *Rehaif* requires.  The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse.  *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F.3d at 797 (emphasis in original; citation omitted).  Church does not contend that he was unaware that he stood convicted of numerous felonies, nor would his extensive criminal history permit such an inference.  Indeed, Church readily admitted that he was a "multi-convicted felon," and *Rehaif* does not require more.  *See United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020); *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is

strongly suggestive of it." (*quoting United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020))). Even if *Rehaif* did require proof that Church knew he could not possess a firearm, the record readily established that knowledge. Church had already been convicted in 2005 of being a felon in possession of a weapon, establishing his subjective awareness that such possession was prohibited. He also admitted that he did not want officers to search his home because he knew that he had a gun inside. Abundant evidence established his awareness that his gun possession violated the law. His petition therefore fails to state any viable claim for relief under *Rehaif*.

Church also challenges the enhancement of his sentence under *Shular*. The cognizability of such a claim in a § 2241 petition is governed by a slightly different standard than that applicable to his challenge to his conviction. To challenge a sentence enhancement, Church must point to a decision of the United States Supreme Court which establishes, as a matter of statutory interpretation, that his sentence should not have been enhanced under the pertinent provision. *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). The circumstances under which this standard will be met are exceedingly narrow. The prisoner must rely upon a Supreme Court decision; a decision from a lower court or a federal court of appeals will not suffice. *Hueso v. Barnhart*, 948 F.3d 324, 334-35 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 872 (2020).[1] The Supreme Court decision relied upon must also be retroactively applicable to cases on collateral review. *Hill*, 836 F.3d at 595. And, to properly invoke § 2241, the prisoner must demonstrate that he had no prior reasonable opportunity, either on direct appeal or in an initial § 2255 motion, to make his argument that "a new Supreme Court case hints his conviction or sentence may be defective." *Wright v. Spaulding*, 939 F.3d 695, 703, 705 (6th Cir. 2019). If the prisoner's

---

[1] This requirement alone disposes of Church's reliance upon the Fourth Circuit's decision in *Simmons*, to say nothing of the fact that *Simmons* was decided in 2011, years before Church's sentence was imposed.

§ 2241 petition fails to satisfy these criteria, the habeas court lacks jurisdiction to enter it. *Taylor*, 990 F. 3d at 499.

Further, the asserted sentencing error must be sufficiently grave to be deemed "a complete miscarriage of justice." To do so, the challenged sentence must exceed the maximum permitted by law. That maximum must either be established by statute, *McCormick v. Butler*, 977 F.3d 521, 528-29 (6th Cir. 2020), or under the mandatory Sentencing Guidelines prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Snider v. United States*, 908 F.3d 183, 192 n.5 (6th Cir. 2018). A within-guidelines sentence imposed under the post-*Booker* advisory guidelines regime is not susceptible to collateral attack under § 2241. *Hueso*, 948 F.3d at 332 (*citing Bullard v. United States*, 937 F.3d 654, 658-61 (6th Cir. 2019)).

As a threshold matter, Church's reliance upon *Shular* is wholly misplaced. In *Shular*, the Supreme Court addressed when a prior conviction is a "serious drug offense" to determine if the federal defendant qualifies as an "armed career criminal." *See* 140 S.Ct. at 782-83. If he does qualify, the Armed Career Criminal Act enhances his sentence for an ensuing conviction under § 922(g) from a 10-year maximum to a 15-year minimum. 18 U.S.C. § 924(e) (2013). But Church's sentence was not, as he now contends, enhanced under the ACCA. Instead, in the plea agreement he expressly agreed that he was a "career offender" under § 4B1.1 of the Sentencing Guidelines. *See Church*, No. 3:17-CV-972 [R. 59, pp. 6-7]. Had Church been subject to the ACCA enhancement, his mandatory minimum sentence for Count I would have been 180 months, not the 120 months the trial court actually imposed.

In any event, as noted above Church affirmatively waived his right to collaterally attack his sentence. *See id.* at 10–11. That waiver bars Church's challenge to his sentence in this proceeding. *See Slusser*, 895 F.3d at 439; *Rivera*, 27 F. App'x at 515. Further, the Guidelines

range Church faced was 151-188 months imprisonment. *See id.* at 7. The 170-month sentence imposed fell within the advisory guidelines range, and therefore is not susceptible to challenge under § 2241. *See Hueso*, 948 F.3d at 332. Finally, as the trial judge noted in denying Church's § 2255 motion, the 170-month sentence was dictated by the parties' Rule 11(c)(1)(C) agreement, not a Guidelines calculation, and Church therefore fails to present a viable basis to call his sentence into question.[2]

For each of these reasons, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. David Church's Petition for a writ of habeas corpus, **[R. 1],** is **DISMISSED**.

2. This matter is **STRICKEN** from the Court's active docket.

This the 31st day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

---

[2] Church's arguments under the First Step Act fail for these same reasons.